# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARREA CHRISTOPHER,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>REACHING FOURTH MINISTRIES, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 17-cv-00726-BAS-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IFP;**<br><br>**(2) DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

　　　　On April 10, 2017, Plaintiff Carrea Christopher, proceeding *pro se*, commenced this action against Defendants Reaching Fourth Ministries, Buffco Production Oil, Inc., and other defendants, alleging negligence and fraud in connection with the extraction of natural resources from land claimed by Plaintiff. (ECF No. 1.) On the same day, Plaintiff also filed a motion seeking leave to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) For the reasons discussed below, the Court **GRANTS** Plaintiff's motion to proceed IFP, and **DISMISSES** the Complaint for lack of subject matter jurisdiction.

# I. MOTION TO PROCEED IN FORMA PAUPERIS

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the fees required to commence a legal action may petition a court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). A plaintiff seeking IFP status "need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). However, he must declare the facts of his poverty "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's IFP application, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff is unemployed, and has only $20.00 on hand. (IFP Mot. ¶¶ 2, 4.) His monthly income is limited to the $980.00 he receives in disability, and he has no checking, savings, or other bank account. (*Id*. ¶¶ 1, 4.) Plaintiff's monthly expenses total $890.00, including $700.00 for rent. (*Id*. ¶ 8.) Plaintiff indicates that he does not own an automobile, and has not, in the past twelve months, received any income in the form of interest and dividends, retirement payments, gifts, rental income, or money from other sources besides his monthly disability payment. (*Id*. ¶¶ 1, 5.) Under these circumstances, the Court finds that requiring Plaintiff to pay the filing fees in this case would impair his ability to meet basic living expenses. *See Adkins*, 335 U.S. at

339. Accordingly, the Court GRANTS Plaintiff's motion to proceed IFP.[1] (ECF No. 2.)

## II. DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

A complaint filed by any litigant proceeding IFP is subject to mandatory screening by the court in which the complaint is brought. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Under § 1915(e)(2), the court must dismiss a case if the court determines that the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against persons immune from suit. In addition—and separate from the pre-screening requirements of § 1915(e)—"federal courts have a duty to raise and decide issues of subject matter jurisdiction *sua sponte*, if at any time it appears that subject matter jurisdiction may be lacking." *Bank Julius Baer & Co. Ltd v. Wikileaks*, 535 F. Supp. 2d 980, 984 (N.D. Cal. 2008) (citations omitted). "Where a court lacks subject matter jurisdiction, it must dismiss the complaint in its entirety." *Adames v. Taju*, 80 F. Supp. 3d 465, 467 (E.D.N.Y. 2015) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

Here, the Court finds it does not have subject matter jurisdiction over the case. Plaintiff invokes diversity jurisdiction on the grounds that the defendants' negligent and fraudulent conduct occurred in both California and Texas. However, for purposes of diversity jurisdiction, the geographic location of the alleged conduct is irrelevant. To invoke diversity jurisdiction, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); 28 U.S.C § 1332(a). Complete diversity exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Although

---

[1] Plaintiff is cautioned, however, that if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. This includes any recovery Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or the government.

Plaintiff alleges an amount in controversy greater than $1 million, he makes no allegations regarding the citizenship of the individual and corporate defendants. Indeed, on the face of the complaint, Plaintiff, a citizen of California, intimates that several of the defendants may also be citizens of California. Therefore, Plaintiff has not sufficiently pled diversity jurisdiction. And because there are no other bases of federal jurisdiction proffered by Plaintiff, or otherwise present on the face of the complaint, the Court has no subject matter jurisdiction over this case. The Complaint must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

      For the foregoing reasons, Plaintiff's motion to proceed IFP is **GRANTED**, and his Complaint is sua sponte **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. If Plaintiff wishes to file a First Amended Complaint, he must do so no later than **April 28, 2017**.

      **IT IS SO ORDERED**.

**DATED: April 14, 2017**

Hon. Cynthia Bashant
United States District Judge