# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARREA CHRISTOPHER,<br><br>                Plaintiff,<br><br>v.<br><br>REACHING FOURTH MINISTRIES, *et al*.,<br><br>                Defendants. | Case No. 17-cv-00726-BAS-BLM<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff Carrea Christopher, proceeding *in forma pauperis* ("IFP"), has filed a First Amendment Complaint ("FAC"). (ECF No. 6.) Pursuant to 28 U.S.C. §1915(e), this Court has conducted a mandatory screening of the FAC and determined that dismissal is warranted for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff filed the original complaint on April 10, 2017, alleging claims of negligence, fraud, and malpractice against multiple defendants. (ECF No. 1.) Plaintiff also alleged claims of "intentional drained natural resources" and "destruction and the drainage of land" located in Cherokee County, Texas. (*Id.*) Plaintiff simultaneously filed a motion to proceed IFP, which this Court granted.

(ECF Nos. 2, 3.) After granting Plaintiff's motion to proceed IFP, the Court conducted a mandatory screening of the Complaint, as required by 28 U.S.C. §1915. (ECF No. 3.) The Court determined that it did not have subject matter jurisdiction over the case because the Plaintiff failed to allege citizenship of the individual and corporate defendants for the purposes of invoking diversity jurisdiction. (*Id*. at 4.) The Court dismissed the Complaint without prejudice.

Plaintiff subsequently filed the FAC on April 28, 2017. (ECF No. 6) He now alleges that he is a resident of both California and Washington. (*Id*. at 2.) He alleges that the Defendants' principal place of business and incorporation as well as residence is Texas. (*Id*.) Plaintiff also alleges that two of the Defendants named in the FAC, Ava Taji and Gillian Dandekar, are California real estate brokers. (*Id.* at 28−31.) The Court did not conduct a mandatory screening of the FAC after its filing. The Court does so now.

## II. LEGAL STANDARD

A complaint filed by any litigant proceeding IFP is subject to mandatory screening by the court in which the complaint is brought. *See* 28 U.S.C. §1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §1915(e)(2)(B) are not limited to prisoners."). Under §1915(e)(2), the court must dismiss a case if the court determines that the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against persons immune from suit. In addition—and separate from the pre-screening requirements of § 1915(e)—"federal courts have a duty to raise and decide issues of subject matter jurisdiction *sua sponte*, if at any time it appears that subject matter jurisdiction may be lacking." *Bank Julius Baer & Co. Ltd v. Wikileaks*, 535 F. Supp. 2d 980, 984 (N.D. Cal. 2008) (citations omitted). "Where a court lacks subject matter jurisdiction, it must dismiss the complaint in its entirety." *Adames v. Taju*, 80 F. Supp. 3d 465, 467 (E.D.N.Y. 2015) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

## III. DISCUSSION

The Court finds that Plaintiff has failed to correct the pleading deficiency that warranted dismissal of the original complaint for lack of subject matter jurisdiction. To invoke diversity jurisdiction, there must be complete diversity of citizenship between the parties and the amount of controversy must exceed $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); 28 U.S.C. §1332(a). Complete diversity exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff alleges that he is a resident of both California and Washington. (ECF No. 6 at 2.) For the purposes of diversity jurisdiction, a natural person's citizenship is determined by the state of domicile, not the state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return. *Id.* Plaintiff's new allegations of residence in two states are insufficient to show his state citizenship. Moreover, to the extent Plaintiff is in fact domiciled in the state of California (which appears to be the case), complete diversity will not exist in this case as long as any named Defendant is also a citizen of California. Although Plaintiff alleges that "the Defendants principal place of business and incorporation as well as residence is Texas," (ECF No. 6 at 2), Plaintiff has also named two Defendants, Ava Taji and Gillian Dandekar, who are alleged to be California real estate brokers. (*Id.* at 28−31.) The Court is not satisfied that there is the requisite diversity in this case to support its subject matter jurisdiction over Plaintiff's claims.

Even if the Plaintiff corrects the deficiencies in the FAC, the Court observes that venue in the United States District Court for the Southern District of California is likely improper. "A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which any action may

otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. §1391(b). Section 1391(b)(1) is inapplicable based on the allegations in the FAC because all the Defendants do not reside in the same state. Section 1391(b)(2), however, would indicate that venue is likely proper in a judicial district in Texas because a substantial part of the events or omissions alleged in the FAC occurred in that state. Moreover, the property that is the subject of the alleged fraud and which Plaintiff alleges was illegally drained is situated in Cherokee County, Texas. (ECF No. 6 at 25.) The Court advises the Plaintiff that any amended complaint filed with this Court may be subject to dismissal for lack of proper venue.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **HEREBY DISMISSES** this action without prejudice. If the Plaintiff wishes to file an amended complaint, he must do so **no later than November 24, 2017**. The Court advises the Plaintiff that if he chooses to file a second amended complaint, it will be subject to another mandatory screening pursuant to 28 U.S.C. §1915. If the Plaintiff fails to file an amended complaint within the specific time, the Court will direct the Clerk to close the case.

The Court **TERMINATES AS MOOT** Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 10), and Plaintiff's Motion Requesting an Extension of Time to Serve Defendants and Motion for Service by the United States Marshal (ECF No. 13).

**IT IS SO ORDERED.**

DATED: October 31, 2017

Hon. Cynthia Bashant
United States District Judge