**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARREA CHRISTOPHER,<br><br>                  Plaintiff,<br><br>  v.<br><br>REACHING FOURTH MINISTRIES, *et al.*,<br><br>                  Defendants. | Case No. 17-cv-00726-BAS-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR COURT TO REVIEW *DE NOVO* SUBJECT MATTER JURISDICTION [ECF No. 20];**<br><br>**(2) GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [ECF No. 21];**<br><br>**AND**<br><br>**(3) DISMISSING CASE WITHOUT PREJUDICE** |

Plaintiff Carrea Christopher, proceeding *in forma pauperis* ("IFP"), has filed a Second Amended Complaint ("SAC"). (ECF No. 18.) Defendants Buffco Production, Inc. ("Buffco"), Frank M. Bufkin III, Jason Moore, John Rich, and Arthur "Eric" Swanson (the "Appearing Defendants") have moved to dismiss the

SAC for lack of personal jurisdiction. (ECF No. 21.) Plaintiff has opposed (ECF No. 24) and the Appearing Defendants have replied (ECF No. 29.) In addition, Plaintiff has filed motions to (1) conduct a *de novo* review of subject matter jurisdiction over the SAC (ECF No. 20) and (2) transfer the case to the Eastern District of Texas pursuant to 28 U.S.C. §1406 (ECF No. 26). For the reasons herein, the Court grants Plaintiff's motion to conduct a *de novo* review of subject matter jurisdiction and grants the Appearing Defendants' motion to dismiss for lack of personal jurisdiction. The Court dismisses Plaintiff's claims without prejudice and terminates as moot all other motions pending before this Court. (ECF Nos. 26, 28.)

# I. BACKGROUND

On April 10, 2017, Plaintiff, proceeding *pro se*, commenced this action alleging claims of fraud, negligence, and "illegal drainage of resources" in connection with land located in Cherokee County, Texas and claimed by Plaintiff. (ECF No. 1.) The case has twice been dismissed for failure to properly invoke diversity jurisdiction. (ECF Nos. 3, 14.) In its last dismissal of the case, the Court cautioned Plaintiff that venue in the Southern District might be improper under 28 U.S.C. §1391 because none of the Defendants reside in California and the property that Plaintiff's claims concern is located in Texas. (ECF No. 14.) Plaintiff subsequently filed the SAC on November 14, 2017. (ECF No. 18.) The SAC alleges the foregoing claims against the Appearing Defendants as well as Defendants Reaching Fourth Ministries, Cattle Oil Co. ("Cattle Oil"), Sharon Christopher and Gary Christopher. (*Id*.) The Appearing Defendants have made a special appearance in this Court for the limited purpose of moving to dismiss for lack of personal jurisdiction. (ECF No. 21.)

# II. DISCUSSION

### A. The Court Possesses Subject Matter Jurisdiction

The Court first considers Plaintiff's request for a *de novo* determination of whether this Court has subject matter jurisdiction over the action. (ECF No. 20.)

Separate from the pre-screening requirements Section 1915(e) imposes on a complaint where a plaintiff proceeds IFP, "federal courts have a duty to raise and decide issues of subject matter jurisdiction *sua sponte* if at any time it appears that subject matter jurisdiction may be lacking." *Bank Julius Baer & Co. Ltd v. Wikileaks*, 535 F. Supp. 2d 980, 984 (N.D. Cal. 2008) (citations omitted). "Where a court lacks subject matter jurisdiction, it must dismiss the complaint in its entirety." *Adames v. Taju*, 80 F. Supp. 3d 465, 467 (E.D.N.Y. 2015) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Subject matter jurisdiction may exist where the pleadings present a federal question, *see* 28 U.S.C. §1331, or where the plaintiff invokes diversity jurisdiction, *see* 28 U.S.C. §1332. On two occasions, the Court determined that it lacked subject matter jurisdiction over Plaintiff's Complaint for failure to properly invoke diversity jurisdiction. (ECF Nos. 3, 14.) Plaintiff filed the SAC to cure the subject matter deficiencies of the First Amended Complaint.

After a review of the SAC, the Court finds that Plaintiff has now properly invoked diversity jurisdiction by pleading complete diversity. Complete diversity exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiff alleges that he is a resident of Washington and all Defendants are residents of Texas. (ECF No. 18 at 2.) Although Plaintiff refers to residence, the Court, liberally construing the pleadings, believes that Plaintiff is referring to domicile, which is what a court reviews to determine whether complete diversity exists insofar as the individual defendants are concerned. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a natural person's citizenship is determined by the state of domicile, not the state of residence). Plaintiff also alleges that the corporate Defendants are incorporated in and have principal places of business in Texas. (SAC at 2.) Accordingly, there is complete diversity among the parties and this Court has subject matter jurisdiction.

### B. The Court Lacks Personal Jurisdiction Over the Defendants

The Appearing Defendants move to dismiss the action under Rule 12(b)(2) on the ground that this Court lacks personal jurisdiction over them. (ECF No. 21.) The Appearing Defendants have also filed declarations in support of their motion. (*See* ECF No. 21-2 ("Bufkin Decl."); ECF No. 21-2 ("Moore Decl."); ECF No. 21-3 ("Rich Decl."); ECF No. 21-4 ("Swanson Decl.").) The Court agrees that it lacks personal jurisdiction over the Appearing Defendants and further concludes that it lacks such jurisdiction over the Defendants who have not yet appeared.[1]

#### 1. Legal Standard

Rule 12(b)(2) allows a party to move for dismissal based on a lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). Personal jurisdiction is an essential element of a court's jurisdiction and, without it, a court is "powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 575 (1999). "Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long arm-statute permits the assertion of jurisdiction without violating federal due process." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Id.* at 801. Therefore, absent traditional bases for personal jurisdiction (*i.e.*, physical presence, domicile, and consent), the Due Process Clause

---

[1] For all Defendants who have not yet been served with the SAC, the Court's personal jurisdiction analysis proceeds from Section 1915(e)'s mandatory screening requirement for an IFP complaint. An IFP complaint which can allege no set of facts that would support personal jurisdiction may be deemed frivolous and dismissed *sua sponte*. *Sanders v. U.S.*, 760 F.2d 869, 871 (11th Cir. 1985); *see also Brimm v. Genao-Gomez*, CV 14-197-M-DLC, 2014 WL 5471969, at *2 (D. Mont. Oct. 28, 2014). "In determining whether a complaint is frivolous, a court is *not* bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (emphasis in original).

requires that nonresident defendants have certain "minimum contacts" with the forum state, "such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

As the party seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of establishing that this Court has personal jurisdiction over Defendants. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citing *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). The *prima facie* showing is achieved by producing admissible evidence which, if believed, would sufficiently establish personal jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). The court accepts uncontroverted facts in the complaint as true. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Jurisdictional facts, however, cannot be established by nonspecific, conclusory statements. *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (although liberally construed, the complaint "must contain something more than mere conclusory statements that are unsupported by specific facts").

**2. The Court Lacks General Jurisdiction Over the Defendants**

General jurisdiction exists if a nonresident's contacts with the forum are "continuous" and "systematic." *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995). These continuous and systematic contacts with a state allow a court to exercise general jurisdiction over defendants even for causes of action that are "entirely distinct" from acts which confer such jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2849 (2011). Given the nature of general jurisdiction, a plaintiff must meet an "exacting standard" because a finding of general jurisdiction would "permit[] a defendant to be haled into court in the forum state to answer for any of its activities elsewhere in the world." *Schwarzenegger*, 374 F.3d at 801.

### a. The Corporate Defendants

A court may assert jurisdiction over a foreign corporation to hear any and all claims against it "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render it essentially at home in the forum state.'" *Goodyear*, 131 S. Ct. at 2850. This requires a corporation to be "at home" in the State, which is ordinarily shown when the defendant is incorporated in the jurisdiction or its principal place of business is located there. *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014). Contacts such as a "long-established presence," generation of "substantial revenue" from a state, and having "many in-state consumers" have all also been used to establish general jurisdiction. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006).

In his SAC, Plaintiff concedes that Buffco is incorporated in and has its principal place of business in Texas. (SAC at 2.) In seeking to dismiss the Complaint for lack of personal jurisdiction, Buffco's founder, Defendant Frank M. Bufkin III, corroborates this point. (*See* Bufkin Decl. ¶4.) He further represents that Buffco lacks property, assets, operations, employees, or offices in California and does not pay taxes to any California entity. (*Id.* ¶3.) Plaintiff's opposition to Defendants' motion offers no specific facts controverting these representations. (*See generally* ECF Nos. 18, 24.) Accordingly, the Court finds that Plaintiff has failed to meet his burden to show that this Court has general jurisdiction over Buffco.

Although Defendants Reaching Fourth Ministries and Cattle Oil have not moved to dismiss and have not appeared in this case, the SAC concedes that these Defendants are also incorporated in and have their principal places of business in Texas. (SAC at 2.) There are otherwise no allegations in the SAC which show that either Defendant has extensive business activities in California such that this Court may exercise general jurisdiction over them. Accordingly, Plaintiff has failed to make a *prima facie* case of general jurisdiction over these corporate Defendants as well.

### b. The Individual Defendants

The Court also lacks general jurisdiction over the individual Defendants in this case. In moving to dismiss for lack of personal jurisdiction, the Appearing Defendants represent they do not consent to the exercise of jurisdiction by a state or federal court in California. (*See* Bufkin Decl. ¶8; Moore Decl. ¶7; Rich Decl. ¶7; Swanson Decl. ¶4.) They state that they are residents of Texas and not citizens of California. (*See* Bufkin Decl. ¶2; Moore Decl.¶2; Rich Decl. ¶2; Swanson Decl. ¶2.) The SAC concedes that all individual Defendants are residents of Texas. (SAC at 2.) The SAC otherwise lacks allegations showing that any individual Defendant has engaged in "continuous and systematic" contacts with the state of California. In moving to dismiss, each Appearing Defendant declares that he does not conduct business in California, own property or assets in the state, or pay California taxes. (*See* Bufkin Decl. ¶3; Moore Decl. ¶4; Rich Decl. ¶3; Swanson Decl. ¶7.) Given these facts and Plaintiff's failure to offer any other facts about these Defendants, Plaintiff has not shown that the Court has general jurisdiction over the Appearing Defendants.

The Court further concludes that it lacks general jurisdiction over Defendants Gary Christopher and Sharon Christopher. Although these Defendants have not yet been served or moved to dismiss for lack of personal jurisdiction, the Court may look to the pleadings to determine whether general jurisdiction may be exercised over them. Plaintiff alleges that these Defendants are residents of Texas. (SAC at 2.) He does not make allegations showing that these Defendants have continuous and systematic contacts with California. Accordingly, Plaintiff has also failed to show that this Court may exercise general jurisdiction over them.

### C. This Court Lacks Specific Jurisdiction over the Defendants

In the absence of general jurisdiction over a defendant, a court may nevertheless be able to exercise specific jurisdiction over a nonresident. *See Farmers Ins. Ex. v. Portage at LaPrairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990).

Specific jurisdiction requires that a defendant have specific contacts with the state, s*ee Goodyear*, 131 S. Ct. at 2851, which gives a court jurisdiction over claims "arising out of or related to" the contacts with the state, *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985). "[S]uit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The Ninth Circuit has articulated a three-prong test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction: (1) the nonresident defendant must purposefully direct his activities or consummate some transaction within the forum, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). Plaintiff has not satisfied these requirements.

The SAC identifies no forum-based conduct of Defendants that would enable this Court to exercise specific jurisdiction over them. Plaintiff raises claims of fraud, negligence, and illegal drainage of natural resources by the Defendants. (ECF No. 18.) In particular, Plaintiff alleges that Defendants Gary Christopher, Sharon Christopher, and Reaching Fourth Ministries fraudulently placed as in their care Plaintiff's father's property in Cherokee County, Texas by going to the Assessor's Office located there. (*Id.* at 2–3.) Plaintiff alleges that Defendant Buffco and its staff—without identification of the specific staff members involved—encouraged this conduct. (*Id.* at 9.) Plaintiff further alleges that Buffco and Cattle Oil have illegally drained his father's property in Texas of natural resources since 1982. (*Id.* at 13–14.) None of this conduct occurred in California, nor does Plaintiff plead specific facts showing that any Defendant purposefully directed this conduct to the state of California.

– 8 –

17cv726

In his opposition to the Appearing Defendants' motion to dismiss, Plaintiff makes generalized allegations that Defendants signed fraudulent documents in San Diego, California and provides copies of documents notarized in San Diego, California between 2000 and 2016. (ECF No. 24 at 7, 18–22.) None of these documents bears the name of any Defendant in this action, nor does Plaintiff identify who allegedly signed the documents. To the extent these documents concern Defendants Reaching Fourth Ministries, Sharon Christopher and Gary Christopher, the documents do not in fact pertain to their alleged misconduct of fraudulently placing Plaintiff's father's property in their care in Cherokee County, Texas.

In the absence of any specific and non-conclusory allegations regarding any Defendants' contacts with California, it appears that the sole connection between Defendants and California is the Plaintiff and the injury he alleges he suffered in this state. Indeed, Plaintiff's opposition to the Appearing Defendants' motion to dismiss and the Third Amended Complaint he seeks leave to file largely turn on Plaintiff's alleged injury in California. (*See* ECF Nos. 24, 28.) "But the plaintiff cannot be the only link between the defendant and the forum," for a court to exercise specific jurisdiction over a defendant consistent with due process. *Walden*, 134 S. Ct. at 1122. Accordingly, this Court concludes that it lacks specific jurisdiction over the Defendants.

### D. Transfer Is Not Appropriate

The Appearing Defendants request dismissal due to a lack of jurisdiction. Plaintiff has requested a transfer to the Eastern District of Texas pursuant to 28 U.S.C. §1406 if this Court finds that venue is improper. (ECF No. 26.) In reply, the Appearing Defendants argue without explanation that dismissal is appropriate, rather than a transfer. (ECF No. 29 at 2.) The Court concludes that this case should be dismissed, rather than transferred.

Generally, when a court lacks personal jurisdiction over a party, it may either dismiss the case or transfer the case to a court that would have jurisdiction pursuant

to 28 U.S.C. §1631. *See Pamplona v. Hernandez*, No. 08-cv-2205-IE-BLM, 2009 WL 578578, at *3 (S.D. Cal. Mar. 5, 2009); *see also* 28 U.S.C. §1631. Section 1631 provides that if "th[e] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." *Id*. A Section 1631 transfer is appropriate if "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. INS,* 245 F.3d 1070, 1074 (9th Cir. 2001). Because this Court lacks jurisdiction, the immediate issue is whether the transferee court could have exercised jurisdiction over Plaintiff's claims at the time the action was filed. Whether the transferee court could have exercised jurisdiction in part turns on whether any applicable statute of limitations in the transferee court would bar a plaintiff's claims. *See Lietzke v. Cty. of Montgomery*, 12-cv-00268-DN-EJF, 2013 WL 1033037, at *5 n.4 (D. Utah Feb. 21, 2013) (recommending dismissal of IFP action rather than transfer under Section 1631 because claims would be barred by statute of limitations).

      Here, Plaintiff could not have brought his "illegal drainage of land"—properly construed as a conversion claim—and negligence claims in the Eastern District of Texas at the time this case was filed. Texas law imposes a two-year statute of limitations on claims concerning negligence and conversion of property, TEX. CIV. PRAC. & REM. CODE §16.003(a). Although Plaintiff alleges ongoing and continuing drainage of land, (SAC at 13), Texas courts do not apply the continuing tort doctrine to postpone the statute of limitations for tort claims based on permanent injury to land. *See Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 443 (Tex. App. 1997). Rather, claims must be brought within two years of the discovery of the first injury. *Id.* Although Plaintiff alleges that he did not fully know all the details of Defendants' alleged conduct (SAC at 10), the SAC makes clear that discovery of the misconduct first occurred on March 27, 2015 (*id.* at 9). This case was filed outside of the two-

year time period and therefore these claims are barred. (ECF No. 1 (filed on April 10, 2017).) However, Plaintiff's fraud claim would be well within the four-year statute of limitations period under Texas law. *See* TEX. CIV. PRAC. & REM. CODE §16.004(a)(4).

That only Plaintiff's fraud claim could have been brought in the Eastern District of Texas raises the issue of whether this Court may effect a "partial transfer" of the case under Section 1631. Section 1631 permits the transfer of a civil action, not the transfer of a claim. *See* 28 U.S.C. §1631 ("the court shall, if it is in the interest of justice, transfer *such action*" if it lacks jurisdiction over the case (emphasis added)). There is a lack of agreement among the courts about whether a court has authority to transfer certain claims or can only transfer an entire action. *Contrast FDIC v. McGlamery*, 74 F.3d 218, 222 (10th Cir. 1996) (finding transfer appropriate only after a Rule 21 severance), *with Hill v. United States Air Force*, 795 F.2d 1067, 1070, (D.C. Cir.1986) (finding the statute authorizes the transfer of an action, not a claim). This Court will adhere to the express text of Section 1631 and declines to sever Plaintiff's negligence and conversion claims. Rather, in its discretion, the Court dismisses the entire action without prejudice to Plaintiff refiling his claims in an appropriate forum in Texas. *See, e.g., Thomas v. Thomas*, No. SACV 14-1096-JLS (RNBx), 2015 U.S. Dist. LEXIS 182157, *17 (C.D. Cal. May 8, 2015) (finding dismissal appropriate rather than partial transfer of a case under Section 1631).

### III. CONCLUSION & ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** that:

1. The Court **GRANTS** Plaintiff's Motion for a *De Novo* Determination of Subject Matter Jurisdiction. (ECF No. 20.)

2. The Court **GRANTS** the Appearing Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 21).

3. The Court **DISMISSES** Plaintiff's claims without prejudice. (ECF No. 18.) **Plaintiff may refile his claims in an appropriate state or federal court in**

**Texas**.

4. The Court **TERMINATES AS MOOT** Plaintiff's Motion to Transfer pursuant to 28 U.S.C. §1406 (ECF No. 26) and Plaintiff's Motion for Leave to Amend the Pleadings (ECF No. 28).

**IT IS SO ORDERED.**

DATED: **January 22, 2018**

Hon. Cynthia Bashant
United States District Judge