# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARREA CHRISTOPHER,<br><br>                     Plaintiff,<br><br>  v.<br><br>REACHING FOURTH MINISTRIES, *et al.*,<br><br>                     Defendants. | Case No. 17-cv-00726-BAS-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION [ECF No. 33];**<br><br>**(2) PARTIALLY REINSTATING CASE**<br><br>**AND**<br><br>**(3) TRANSFERRING CASE TO EASTERN DISTRICT OF TEXAS** |

## I. BACKGROUND

Plaintiff Carrea Christopher, proceeding *in forma pauperis* ("IFP"), filed a Second Amended Complaint ("SAC") on November 14, 2017. (ECF No. 18.)[1] The SAC alleged claims of fraud, negligence, and "illegal drainage of resources" in connection with land located in Cherokee County, Texas against nine defendants.

---

[1] The case had twice been dismissed for Plaintiff's failure to properly invoke diversity jurisdiction. (ECF Nos. 3, 14.)

(*Id.*)

On January 22, 2018, this Court granted the motion to dismiss for lack of personal jurisdiction filed by appearing Defendants, Defendants Buffco Production, Inc. ("Buffco"), Frank M. Bufkin III, Jason Moore, John Rich, and Arthur "Eric" Swanson. (ECF No. 30.) The Court also considered whether transfer of the case would be appropriate under 28 U.S.C. §1631, which permits a court that finds it lacks jurisdiction to transfer, "interest of justice," an "action . . . to any other . . . court in which the action . . . could have been brought at the time was filed." (*Id.* at 9–10.) The Court determined that Plaintiff's claims for negligence and conversion would have been untimely in the Eastern District of Texas. (*Id.* at 11.) The Court recognized a lack of agreement among courts about whether a partial transfer of a case is permitted under Section 1631, but concluded that it would be improper to sever the untimely claims and transfer only Plaintiff's fraud claim. (*Id.*) The Court dismissed Plaintiff's claims without prejudice to refiling in a proper forum in Texas. (*Id.*)

On February 16, 2018, Plaintiff moved for reconsideration of the Court's decision to dismiss the case, rather than transfer it to the Eastern District of Texas. (ECF No. 33.) Although Plaintiff contends that the Court "danced around" the fact that a substantial part of the events occurred in San Diego, California (*id.* at 7), he does not purport to seek reconsideration of the Court's personal jurisdiction determination. The appearing Defendants have not responded to Plaintiff's motion for reconsideration. The Court now addresses Plaintiff's motion.

## II. DISCUSSION

### A. The Rule 59(e) Standard Applies

As an initial matter, the Court mist identify what legal standard to apply to Plaintiff's motion for consideration, which does not identify any particular rule under which it is brought. A motion for reconsideration may be brought under either Federal Rules of Civil Procedure 59(e) or 60(b). *See Taylor v. Knapp*, 871 F.2d 803,

805 (9th Cir. 1989), *cert. denied* 493 U.S. 868 (1989). "A motion is characterized pursuant to Rule 59(e) or Rule 60(b) based upon its filing date. If a motion is served within 28 days of rendition of judgment, the motion will ordinarily fall under Rule 59(e)." *Kraft v. Old Castle Precast Inc.*, LA CV 15-00701-VBF, 2016 WL 4120049, at *2 (C.D. Cal. Aug. 2, 2016). Motions filed after twenty-eight days are considered pursuant to Rule 60(b). *Id.* Here, Plaintiff's motion was filed within 28 days after the entry of judgment. Accordingly, the Court construes it as a Rule 59(e) motion to amend the judgment.

Under Rule 59(e), reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Such reconsideration motions "'are disfavored and are rarely granted.'" *IV Solutions, Inc. v. TakeCare Ins. Co., Inc.*, CV 13-4592-JFW (MANx), 2014 WL 8515781, *1 (C.D. Cal. Feb. 28, 2014) (quoting *Trust Corp. v. Aetna Cas. & Surety Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994)). Generally, a Federal Rule 59(e) motion is properly granted only: (1) if it is necessary to correct manifest errors of law or fact upon which the judgment rests, (2) if is necessary to present newly discovered or previously unavailable evidence, (3) if it is necessary to prevent manifest injustice, or (4) if the amendment of the judgment or order is justified by an intervening change in controlling law. *See Herron*, 634 F.3d at 1111.

**B.     Application**

Here, Plaintiff contends that the Court's order dismissing the case was clearly erroneous because any statute of limitations was tolled (1) due to his incarceration until "November 2015" and (2) because of the Defendants' fraudulent acts to conceal their conduct, which prevented Plaintiff from uncovering their conduct. (ECF No. 33 at 4–5.) Both of these challenges are presumably directed to the Court's determination that Plaintiff's negligence and conversion claims could not have been timely brought in the Eastern District of Texas.

The Court rejects Plaintiff's second reason. The Court's order expressly noted

that the SAC identified Plaintiff's discovery of the misconduct as occurring on March 27, 2015 and the Court assessed the statute of limitations against that date. (ECF No. 30 at 10–11.)

The Court also rejects Plaintiff's first reason regarding tolling of the statute of limitations due to his incarceration. A motion for reconsideration is not a vehicle to make arguments or present evidence that should have been raised before. *Database Am., Inc. v. Bellsouth Adver. & Pub'g Corp.*, 825 F. Supp. 1216, 1220 (D. N.J. 1993). Plaintiff has not once in the litigation ever referred to being incarcerated during the events alleged until his motion for reconsideration and, even then, has only offered a general averment with no concrete, supporting factual information. Even considering the argument now, Plaintiff refers only to California law, which permits tolling of a statute of limitations if the cause of action accrues during incarceration, not to exceed two years. *See* CAL. CIV. PROC. CODE §352.1(a). But as the Court expressly noted in its prior order, the relevant statute of limitations is supplied by Texas law because the Section 1631 inquiry here was whether Plaintiff's action would have been timely brought in the Eastern District of Texas. (ECF No. 30 at 10–11.) Plaintiff has not identified any similar tolling provision under Texas law. Nor can he because "imprisonment does not toll the running of the limitations period" under Texas law. *Walton v. 203rd Dist. Court*, No. 05-06-01460-CV, 2007 WL 1098437, at *1 (Tex. Ct. App. 2007) (citing *Slack v. Carpenter*, 7 F.3d 418, 419 (5th Cir.1993) (per curiam); *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir.1993); TEX. CIV. PRAC. & REM. CODE ANN. §16.001(a)). Accordingly, the Court rejects Plaintiff's first reason as well. The Court finds that there are no grounds warranting reconsideration of its transfer decision insofar as Plaintiff seeks reconsideration of the Court's determination that his conversion and negligence claims would have been untimely in the Eastern District of Texas.

Plaintiff also contends that the Court "ignored" the law under 28 U.S.C. §1391 (ECF No. 33 at 7), a statute governing venue of civil actions in federal courts.

Plaintiff appears to argue that a substantial part of the events or omissions occurred in San Diego, California and, therefore, venue is proper in this district under Section 1391(b)(2). (*Id.*) The Court construes this as an argument that the Court committed clear legal error. Although Plaintiff raised a Section 1391 argument in opposition to the appearing Defendants' motion to dismiss, his argument lacked merit insofar as personal jurisdiction was concerned. Section 1391(b) is a venue provision; it does *not* create personal jurisdiction over a party. *See Adel Hassan Hamad v. Gates*, No. C10-591 MJP, 2010 WL 4511142, at *4 (W.D. Wash. Nov. 2, 2010); David D. Siegel, Commentary on 1988 and 1990 Revisions of Section 1391, found at 28 U.S.C. §1391 ("Nothing in these venue statutes is intended to expand the personal jurisdiction of federal courts."). Plaintiff has not asked the Court to reconsider its personal jurisdiction determination, nor has Plaintiff proffered any new evidence in his motion for reconsideration that would warrant amending the Court's personal jurisdiction determination. (*See* ECF No. 30.) Accordingly, the Court denies Plaintiff's motion for reconsideration to the extent he asserts a Section 1391 venue argument.

Although Plaintiff's proffered reasons for reconsideration of the Court's dismissal of the case based on the failure to satisfy the Texas statute of limitations with respect to his negligence and conversion claims are insufficient, implicit in Plaintiff's motion is a request that the Court should reconsider its decision not to transfer Plaintiff's fraud claim. The Court construes this as an argument that it was manifestly unjust not to transfer the case, at least with respect to Plaintiff's fraud claim, to the Eastern District of Texas. A manifest injustice is any "error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary." *See In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (defining manifest injustice under Rule 59(e)). Here, the Court concludes that it was manifestly unjust not to transfer Plaintiff's fraud claim to the Eastern District of Texas.

In considering whether transfer was appropriate, the Court did not account for certain factors that would have warranted transfer of Plaintiff's fraud claim, which could have been timely brought in the Eastern District of Texas. The Ninth Circuit has indicated that it is generally in the interest of justice to transfer an action rather than dismiss it. *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating"); *see also Pfister v. Selling Source, LLC*, 931 F. Supp. 2d 1109, 1119 (D. Nev. 2013) (transferring case rather than dismissing it when the transfer would "lead to a more just, speedy, and inexpensive resolution for all parties"). Moreover, courts have taken into account a plaintiff's *pro se* status to find that a partial transfer of claims under Section 1631 is warranted. *See, e.g., Cannon v. Aurora Bank,* No. CV 12-1017 PSG (MRWx), 2012 WL 12882879, at *4 (C.D. Cal. May 8, 2012) ("Section 1631's policy in favor of aiding confused or misinformed litigants, combined with the obscurity of the local action doctrine and Plaintiffs' *pro se* status weighs heavily in favor of transfer."); *Johnson v. Mitchell*, No. CIV S-10-1968 GEB GGH PS, 2012 WL 1594203, at *6 (E.D. Cal. May 4, 2012); *Fisher v. United States*, 676 F. Supp. 2d 1165, 1169 (W.D. Wash. 2009) ("[A] court may consider whether the petitioner was aware of the jurisdictional issue when he or she filed the action, and may also consider whether the petitioner is *pro se*.")

Here, Plaintiff has a fraud claim that would have been timely in the Eastern District of Texas and he is proceeding *pro se*. He does not appear to understand personal jurisdiction limitations. Plaintiff's opposition to the appearing Defendants' motion to dismiss for lack of such jurisdiction did not address personal jurisdiction, but rather argued that the Court possessed diversity jurisdiction under 28 U.S.C. §1332, supplemental jurisdiction under 28 U.S.C. §1367, and that venue was proper under 28 U.S.C. §1391. (ECF No. 24.) Although the Court dismissed Plaintiff's action without prejudice and specifically instructed that he could refile his claims in

Texas, Plaintiff appears not to understand that he can do so. Instead, he has filed a motion for reconsideration, during which time he could have sought to refile all of his claims in the Eastern District of Texas. The Court finds that these circumstances show that there are equitable factors, which warrant severance of Plaintiff's time-barred conversion and negligence claims and the transfer of his fraud claim under Section 1631. Accordingly, the Court finds that it was manifestly unjust not transfer Plaintiff's fraud claim and grants in part Plaintiff's motion for reconsideration insofar as it seeks to reinstate Plaintiff's fraud claim and transfer that claim to the Eastern District of Texas.

## III. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for reconsideration. (ECF No. 33.) The Court **REINSTATES** Plaintiff's fraud claim alleged in the SAC against the Defendants and **ORDERS** that the claim be transferred to the Eastern District of Texas under 8 U.S.C. §1631. The Court **DENIES** Plaintiff's motion for reconsideration on all other grounds. Plaintiff's non-transferred conversion and negligence claims remain dismissed without prejudice.

Plaintiff is advised that because he is proceeding *in forma pauperis* and because the Court has not conducted a screening of the plausibility of his fraud claim, that claim may be subject to *sua sponte* dismissal upon a mandatory screening by the Eastern District of Texas.

**IT IS SO ORDERED.**

**DATED: May 17, 2018**

Hon. Cynthia Bashant
United States District Judge